**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

|  |  |
|---|---|
| **SANDRA C. LEISTER, PhD,** | ) |
| **Plaintiff,** | ) |
| v. | ) |
|  | ) Case No. 05-2115 |
| **DOVETAIL, INC.,** | ) |
| **MICHELLE PETERSON, and** | ) |
| **EVAN PETERSON,** | ) |
| **Defendants.** | ) |

# REPORT AND RECOMMENDATION

In May 2005, Plaintiff Sandra Leister filed a Complaint (#1) against Defendants Dovetail, Inc., Michelle Peterson, and Evan Peterson, alleging claims under ERISA and state law related to her employment by Dovetail, Inc. At relevant times, Michelle Peterson was president of Dovetail, and Evan Peterson was vice-president.

In May 2007, Judge Harold Baker found that Defendants either ignored or deliberately violated their fiduciary responsibilities to Plaintiff under ERISA. He entered judgment in favor of Plaintiff and against Defendants, jointly and severally, in the amount of $82,741 together with costs of suit. (Findings of Fact, Conclusions of Law and Final Order, #76.)

Plaintiff appealed and the Seventh Circuit Court of Appeals affirmed the trial court's judgment except for its determinations with respect to tax benefits, sales commissions, and statutory penalties. *Leister v. Dovetail, Inc., Michelle Peterson, and Evan Peterson*, 546 F.3d 875, 884 (7th Cir. 2008). The appellate court remanded the case for further proceedings as to those issues. The parties have filed memoranda and presented evidence. The Court now considers their arguments.

# I. Analysis

This case has been remanded for reconsideration of the following issues: (1) the amount of penalties to be assessed because Defendants failed to provide Plaintiff with requested documents; (2) the value of potential tax benefits lost by Plaintiff because Defendants failed to make matching contributions and required deferrals to Plaintiff's 401(k) retirement account; and (3) the appropriate amount of interest owed on unpaid sales commissions.

## A. Statutory Penalties

During the course of this litigation, Plaintiff made several requests for documents relating to her 401(k) retirement plan and her long-term disability plan. (Pl. Ex. 3, 11, 138.) ERISA provides for penalties to be assessed against plan administrators who fail or refuse to provide requested documents when it is their statutory duty to do so. 29 U.S.C. § 1132(c)(1). In deciding whether to award a penalty under Section 1132(c)(1), courts consider the conduct and intent of the plan administrator in not furnishing the documents, and the harm or prejudice suffered by the plan participant as a result of the failure to furnish a document. *Hess v. Hartford Life & Accident Ins. Co.*, 91 F. Supp. 2d 1215, 1224 (C.D. Ill. 2000). For example, the Seventh Circuit court has approved the assessment of a penalty of $100 per day where an employer delayed 153 days in providing retirement plan documents to an employee and provided no explanation for its dereliction of duty. *Krueger Int'l, Inc. v. Blank*, 225 F.3d 806, 811 (7th Cir. 2000).

Defendants point out that they do not have the resources to pay fines, and that both Dovetail and Michelle Peterson are now in bankruptcy proceedings. However, the court of appeals did not condition the imposition of fines upon Defendants not being in bankruptcy. Furthermore, Defendant Evan Peterson is not in bankruptcy proceedings, so this argument does not apply to him in any case.

In the instant case, Judge Baker found Defendants' conduct with regard to Plaintiff's retirement plan to be knowing and intentional. (#76, p. 2.) Similarly, the court of appeals characterized Defendants' failure to provide plan documents as willful, prejudicial, and in bad

faith. *Leister*, 546 F.3d at 884. Defendants terminated Plaintiff's long-term disability plan without notice, causing her to be unable to use the conversion option of her terminated plan which would have allowed her to obtain new coverage without being exposed to waiting periods, age restrictions, underwriting, and preexisting clauses. Other former Dovetail employees testified at trial that failure or refusal to provide requested plan documents was the norm for Dovetail and its officers. The court of appeals noted that Defendants even tried to use the delays they caused by their failure to provide Plaintiff with her plan documents to plead a statute of limitations defense to the complaint. *Id*. at 883-84. In view of these willful and prejudicial failures to provide Plaintiff with the requested documents, and the length of the delays involved, the Court recommends fining Defendants $100 per day.

The statute provides that an administrator who refuses to comply with a request for information "within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day." 28 U.S.C. § 1132(c). Thus, the penalty period begins with the 31st day after a request. Generally, the penalty period ends when the participant or beneficiary receives the requested document. If the document is never provided, courts have discretion to determine the length of the penalty period. In this case, Defendants never complied with their duty to provide two categories of documents. As to those documents, this Court concludes that the appropriate ending date for the penalty period is May 4, 2007, the date of Judge Baker's final order. *See, e.g., Sunderlin v. First Reliance Standard Life Ins. Co.*, 235 F. Supp. 2d 222, 235 (W.D.N.Y., 2002).

Plaintiff or her attorney requested three categories of documents from Defendants: (1) the Summary Plan Description for Plaintiff's 401(k) account, requested December 9, 2001, and never provided; (2) a long-term disability plan document, requested December 9, 2001, and provided February 1, 2005; and (3) summary annual reports for all Dovetail plans, requested April 20, 2005, and never provided. Based on these dates and the date of the final order, the respective penalty periods for the documents are 1,942 days, 1,120 days, and 714 days, for a total of 3,776 days. At a rate of $100 per day, the statutory penalty amounts to $377,600.

Accordingly, the Court recommends assessing Defendants a total of $377,600 for their willful and prejudicial failure to provide retirement plan documents.

### B. Tax Benefits

Plaintiff was also unable to enjoy the tax benefits she would have achieved if the deferred funds and matching contributions had been allowed to grow in her tax-deferred 401(k) account. Both Plaintiff and Defendants have retained financial experts to calculate the amount of these benefits. Plaintiff's expert, Chartered Financial Analyst R. Michael Murphy, calculated the lost tax benefits from Plaintiff's 401(k) account to be $65,200. Defendant's expert, economic consultant John Navin, Ph.D., calculated the lost benefits to be $63,142.12. This Court has considered the calculations and finds those of Plaintiff's expert to be better reasoned. Thus, this Court concludes that, in addition to the unpaid deferrals and matching contributions that Judge Baker previously assessed, Plaintiff is entitled to tax benefits in the amount of $65,200.

### C. Interest on Unpaid Sales Commissions

Finally, Defendants failed to pay Plaintiff her agreed-upon sales commissions. The statute of limitations applicable to this supplemental state-law claim extends to five years before the complaint was filed. 735 ILCS 5/13-205. As a result, Defendant clearly owes Plaintiff her sales commissions for the years 2000, 2001, and 2004.

Defendants also failed to pay Plaintiff commissions for the years 1997 through 1999. The aforementioned statute of limitations would normally bar Plaintiff from holding Defendants liable for these commissions. However, equitable tolling of the statute of limitations is appropriate where a defendant has "actively misled the plaintiff" in such a way that prevents her from timely filing her claim. *See Clay v. Kuhl*, 727 N.E.2d 217, 223 (Ill. 2000) (citing *Ciers v. O.L. Schmidt Barge Lines, Inc.*, 675 N.E.2d 210 (Ill. App. Ct. 1996)). In *Hawaii Teamsters & Allied Workers v. City Express, Inc.*, 751 F. Supp. 1426, 1431 (D. Haw. 1990), the district court applied the equitable tolling doctrine and found that the statute of limitations applicable to an

ERISA claim was tolled when an employer repeatedly acknowledged its liability to its employees for unpaid benefits and assured payment if they remained patient.

The facts in this case mirror those in *Hawaii Teamsters*. Defendants here repeatedly told Plaintiff that if she did not bring suit for her unpaid commissions, they would make up the payments. Moreover, Plaintiff agreed to reduce her salary by 20 percent if Defendants would rectify their defaults with regard to the 401(k) contributions and expense reimbursement, including her commission payments, by means of a payment plan. This also functioned to lull Plaintiff into inactivity concerning her rights with regard to her commissions. Defendants never rectified their defaults with regard to commissions, or indeed any of the monies that they owed Plaintiff. Thus, Defendants actively misled Plaintiff, inducing her to delay asserting her rights with regard to the commissions for 1997 through 1999. Accordingly, Judge Baker determined that the statute of limitations should be tolled with regard to Plaintiff's claims for the years 1997, 1998, and 1999, and that Defendants owed Plaintiff commissions for those years. According to the calculations attached to the final order, the unpaid sales commissions for all years amount to $14,254.

The appellate court expressly stated that Plaintiff is not entitled to recover damages for the tax benefits that she would have received had she deposited the commissions in her 401(k) account. *Leister*, 546 F.3d at 882. However, the court noted that Plaintiff may be entitled to prejudgment interest on the commissions.

Whether a plaintiff is entitled to prejudgment interest depends on the law that supplies the substantive rule of decision. *Perlman v. Zell*, 185 F.3d 850, 857 (7th Cir. 1999). Plaintiff's claim for unpaid commissions is based on state law, therefore, whether prejudgment interest is appropriate depends on Illinois law. Illinois authorizes prejudgment interest when the claim depends on written instruments or "on money withheld by an unreasonable and vexatious delay of payment." 815 ILCS 205/2. In addition, the Seventh Circuit court has stated that, when a defendant has acted fraudulently, the "tradition of awarding prejudgment interest predates the statute and has been held to have survived its enactment." *Lovejoy Elecs., Inc. v. O'Berto*, 873

5

F.2d 1001, 1007 (7th Cir. 1989) (citing *612 North Mich. Ave. Bldg. Corp. v. Factsystem, Inc.*, 370 N.E.2d 236, 241 (Ill. App. Ct. 1977)).

Here, Defendants fraudulently misrepresented their intention and ability to pay Plaintiff her sales commissions, inducing Plaintiff to take a reduction in salary purportedly to facilitate Defendants' ability to pay and to induce Plaintiff to delay filing suit for the commissions. As a result, the Court recommends awarding prejudgment interest on Plaintiff's unpaid sales commissions.

Experts Murphy and Navin tendered calculations of prejudgment interest on behalf of the parties. However, as Plaintiff points out in her Position on Remaining Issues, both experts improperly used 28 U.S.C. § 1961 to calculate the prejudgment interest. That statute applies only to postjudgment interest. *Partington v. Broyhill Furniture Indus.*, 999 F.2d 269, 274 (7th Cir. 1993).

The proper method for calculating prejudgment interest is to compound interest based on an average of the prime rates in force during the period of litigation. *In re Oil Spill of Amoco Cadiz*, 954 F.2d 1279, 1331-33 (7th Cir. 1992). The Court therefore recommends that the parties be directed to calculate prejudgment interest for all unpaid commissions for 1997, 1998, 1999, 2000, 2001, and 2004. The end date for the prejudgment interest is May 4, 2007, the date of Judge Baker's decision.

The Court also notes that both parties calculated postjudgment interest incorrectly. The method for calculating postjudgment interest is provided in 28 U.S.C. § 1961. The Court particularly notes that the statute requires the use of a single interest rate based on the weekly average one-year constant maturity Treasury yield for the calendar week preceding the date of the judgment. 28 U.S.C. § 1961(a). The interest rate for postjudgment interest then remains constant for the entire postjudgment period. The applicable period begins May 5, 2007, and ends when payment is made. 28 U.S.C. § 1961(b) ("Interest shall be computed daily to the date of payment . . . and shall be compounded annually.")

Accordingly, the Court recommends that the parties be directed to calculate the proper amount of postjudgment interest due on Plaintiff's unpaid sales commissions using the appropriate interest rate and the method described in the statute.

## II.  Summary

After hearing evidence and reviewing the parties' memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), awarding Plaintiff statutory penalties in the amount of $377,600, tax benefits in the amount of $65,200, and prejudgment and postjudgment interest on all unpaid sales commissions.  With regard to interest, the Court recommends directing the parties to calculate the proper amount of prejudgment and postjudgment interest using the appropriate methods and interest rates as described above.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten working days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 24th day of July, 2009.

$\qquad\qquad\qquad\qquad\qquad\qquad\qquad\qquad$ s/ DAVID G. BERNTHAL
$\qquad\qquad\qquad\qquad\qquad\qquad\qquad\qquad$ U.S. MAGISTRATE JUDGE