UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

SANDRA C. LEISTER, Ph.D.,           )
                                    )
            Plaintiff,              )
                                    )        05-2115
     v.                             )
                                    )
DOVETAIL, INC., MICHELLE            )
PETERSON, and EVAN PETERSON,        )
                                    )
            Defendants.             )

ORDER

      The plaintiff, Sandra Leister, brought this action pursuant to ERISA, 29 U.S.C. § 1101 *et seq*. Leister was employed by Dovetail, Inc., a corporation owned by defendants Michelle and Evan Peterson. Leister joined Dovetail's 401(k) retirement program, and the defendants agreed to deduct a specified portion of Leister's compensation and deposit those funds into the 401(k), along with a matching contribution provided by Dovetail. After the first year of Leister's employment, the defendants deducted the specified sums from Leister's compensation but did not deposit those sums into the 401(k), nor did they provide the matching contribution. After the conclusion of a three-day bench trial and subsequent briefing, the court issued its findings of fact, conclusions of law, and final order (the "final order").

      The parties filed cross-appeals and, on October 23, 2008, the Seventh Circuit affirmed in part, but reversed and remanded with respect to Leister's lost tax benefits, unpaid sales commissions, and statutory penalties. *Leister v. Dovetail*, 546 F.3d 875 (7th Cir. 2008). On remand, the case was referred to Magistrate Judge David G. Bernthal for further proceedings, and after several hearings and additional briefing, Judge Bernthal issued his report and recommendation. The defendants filed an objection, and on August 26, 2009, the plaintiff filed a response. The matter is now fully briefed.

      In its final order, this court declined to impose statutory penalties for the defendants' failure to provide plan documents to Leister. Up to $110 per day is allowed by statute, but this court was reluctant to impose those penalties because of the Petersons' financial condition. The Seventh Circuit stated that in this case, where there is both prejudice to the plaintiff and the defendants' bad faith, failure to award penalties was an abuse of discretion. *Leister*, 546 F.3d at 884. Judge Bernthal concluded in his report and recommendation that a statutory penalty of $100 per day for the defendants' failure to provide plan documents is warranted. The plaintiff and her attorney had requested three categories of plan documents: the 401(k) Summary Plan Description; the long-term disability plan document; and summary annual reports for all Dovetail plans. Judge Bernthal calculated that penalties should be assessed for 1,942 days, 1,120 days, and 714 days, respectively, for a total of 3,776 days. Judge Bernthal recommends that the plaintiff be awarded statutory penalties totaling $377,600.

Contributions to a 401(k) retirement plan are not taxable until withdrawn from the plan "and as a result [Leister's contributions] would have grown faster because they would be growing at a tax-free compound interest rate." *Leister*, 546 F.3d at 881. On remand, the plaintiff's expert calculated the lost tax benefits to be $65,200. The defendant's expert calculated the lost benefits to be $63,142.12. Judge Bernthal considered the calculations and found those of Leister's expert to be better reasoned. He recommends that the plaintiff be awarded $65,200 for lost tax benefits.

The Seventh Circuit also discussed Leister's earned but unpaid commissions, stating that she was entitled to commissions earned after May 2000, and possibly earlier if the limitation period was tolled. Judge Bernthal concluded that the defendants actively misled Leister, inducing her to delay asserting her rights with regard to commissions earned in 1997, 1998, and 1999, which tolled the limitation period. In its final order, this court awarded $21,396 for those commissions *along with* earnings at the highest rate of return as calculated by her expert. The Seventh Circuit found that Leister "is entitled *just* to the commissions, possibly enhanced by prejudgment interest[.]" *Leister*, 548 F.3d at 883 (emphasis added). The properly calculated total of unpaid commissions amounts to $14,254. Judge Bernthal notes that both parties have submitted improperly calculated sums for prejudgment interest, and recommends that they be directed to calculate prejudgment interest on unpaid commissions for the years 1997, 1998, 1999, 2000, 2001, and 2004.

Judge Bernthal also noted that both parties calculated postjudgment interest incorrectly. He recommends that the parties be directed to calculate the proper amount of postjudgment interest due on Leister's unpaid sales commissions, using the appropriate interest rate and method described in 28 U.S.C. § 1961(a).

## CONCLUSION

This court accepts Judge Bernthal's report and recommendation [158]. The plaintiff is awarded $377,600 in statutory penalties, $65,200 in tax benefits, and prejudgment and postjudgment interest on all unpaid sales commissions. The parties are directed to calculate the proper amount of prejudgment and postjudgment interest using the appropriate methods and interest rates described in the report and recommendation. They shall file a statement of these calculations no later than November 4, 2009, after which the court will enter an amended judgment.

Entered this 22nd day of November, 2009.

**s\Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE